Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

In re Interest of Becka P. et al., children under
18 years of age.
State of Nebraska, appellee, v. Robert P.
and Veronica M., appellants.

___ N.W.2d ___

Filed October 27, 2017.    Nos. S-16-1131 through S-16-1133.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Appeal and Error.** On a question of law, an appellate court reaches a conclusion independently of the court below.

Appeals from the County Court for Garden County: Randin Roland, Judge. Affirmed.

Robert S. Harvoy for appellant Robert P.

On brief, Michael R. Snyder, of Snyder & Hilliard, P.C., L.L.O., for appellants.

Philip E. Pierce, Garden County Attorney, for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.
## INTRODUCTION
After a dispositional hearing, the county court for Garden County, Nebraska, sitting as a juvenile court, declined to adopt a case plan and a court report recommended by the Department of Health and Human Services (DHHS). Among

other instructions, the court ordered DHHS to update the children's immunizations. The children's parents, Robert P. and Veronica M., appeal. We affirm.

## FACTUAL BACKGROUND

Robert and Veronica are the parents of Becka P., Thomas P., and Robert P., Jr. Prior to 2015, multiple claims were made against Robert and Veronica, alleging physical neglect of the children. The court concluded that these allegations were unfounded. In one instance, Becka was removed from the home for a time, but was returned and noncourt services were provided. In another instance, services were offered but rejected.

In December 2015, the State filed juvenile petitions and affidavits in support of those petitions, alleging that Robert and Veronica had collectively been cited four times since 2013 for failure to use a child safety restraint. Evidence was presented that one of Robert and Veronica's children had been involved in several automobile accidents while riding unrestrained in the front seat while Robert was driving. One of the accidents involved a fire, and another accident involved a rollover, where it was determined that the child was sitting unrestrained on Robert's lap while he was driving. The children were adjudicated; that adjudication was affirmed in an unpublished memorandum opinion by the Nebraska Court of Appeals on October 16, 2016, in cases Nos. A-16-351 through A-16-353.

While the adjudication was on appeal, the juvenile court appointed an educational surrogate for the children. Robert and Veronica appealed. This court found that Robert and Veronica were appealing from final orders and affirmed the county court's appointment, concluding that (1) the appeals of the adjudication did not divest the juvenile court of jurisdiction to issue or rule on the various orders to show cause and (2) the orders appointing the educational surrogate were not premised on a finding of contempt; thus, Robert and Veronica's assertion that they should have been given the

ability to purge their contempt was misplaced. Robert and Veronica did not challenge the merits of the educational surrogate appointment.[1]

While the appeals from the surrogate appointment were pending, proceedings in the juvenile court continued. A dispositional hearing was held on November 10, 2016, on the DHHS court report. In that report, DHHS recommended the continuing permanency goal of family preservation, with custody of the children to be returned to the parents and the surrogate left in place to address educational concerns. The children's guardian ad litem testified that he did not agree with the DHHS recommendation that custody of the children be returned to Robert and Veronica.

Following that hearing, the juvenile court declined to adopt the DHHS recommendation. Instead, on November 10, 2016, the juvenile court ordered that "[c]are, custody, and control . . . remain with [DHHS]" for each child, and additionally ordered various other directives, including specifically ordering that "[s]ervices to be provided shall include, but not be limited to: DHHS shall confirm the child's immunizations are up to date, and if not, shall have them made current w/DHHS paying for the same if the parents and insurance are not able to pay for the same."

It is from these orders that Robert and Veronica appeal.

ASSIGNMENT OF ERROR

Robert and Veronica assign that the juvenile court was without authority to order DHHS to immunize the children.

STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.[2]

---

[1] *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d 247 (2017).

[2] *In re Interest of Carmelo G.*, 296 Neb. 805, 896 N.W.2d 902 (2017).

[2] On a question of law, an appellate court reaches a conclusion independently of the court below.[3]

## ANALYSIS

On appeal, Robert and Veronica argue that the juvenile court erred in ordering DHHS to have the children immunized, because it lacked the authority to do so. Robert and Veronica do not challenge the orders on constitutional or religious grounds, but instead base their argument on Neb. Rev. Stat. § 43-285(1) (Reissue 2016), which provides in relevant part:

> When the court awards a juvenile to the care of the Department of Health and Human Services, an association, or an individual in accordance with the Nebraska Juvenile Code, the juvenile shall, unless otherwise ordered, become a ward and be subject to the legal custody and care of the department, association, or individual to whose care he or she is committed. Any such association and the department shall have authority, by and with the assent of the court, to determine the care, placement, medical services, psychiatric services, training, and expenditures on behalf of each juvenile committed to it.

Robert and Veronica contend that the court lacks the power to set its own conditions and, instead, can only "assent" to decisions made by DHHS. Because DHHS did not recommend that the children be immunized, and there is no evidence to show that DHHS is concerned about the children's health or that the children will be attending public school, Robert and Veronica argue that the court acted outside its authority.

Robert and Veronica do not cite to Neb. Rev. Stat. § 43-288 (Reissue 2016), which provides:

> If the court's order of disposition permits the juvenile to remain in his or her own home as provided by section 43-284 or 43-286, the court may, as a condition or conditions to the juvenile's continuing to remain in his or her own home, or in cases under such sections when the

---

[3] *Id.*

juvenile is placed or detained outside his or her home, as a condition of the court allowing the juvenile to return home, require the parent, guardian, or other custodian to:

(1) Eliminate the specified conditions constituting or contributing to the problems which led to juvenile court action;

(2) Provide adequate food, shelter, clothing, and medical care and for other needs of the juvenile;

(3) Give adequate supervision to the juvenile in the home;

(4) Take proper steps to insure the juvenile's regular school attendance;

(5) Cease and desist from specified conduct and practices which are injurious to the welfare of the juvenile; and

(6) Resume proper responsibility for the care and supervision of the juvenile.

The terms and conditions imposed in any particular case shall relate to the acts or omissions of the juvenile, the parent, or other person responsible for the care of the juvenile which constituted or contributed to the problems which led to the juvenile court action in such case.

At the time the juvenile court ordered that the children's immunizations be "made current," the children were placed in Robert and Veronica's home. As such, the State argues that under § 43-288(2), the juvenile court was authorized to require DHHS to immunize the children.

We agree. To hold otherwise would limit the powers of a juvenile court to order DHHS and parents to undertake actions for the betterment of juveniles and their families within the juvenile court system. As such, we find no error in the juvenile court's orders.

## CONCLUSION

We affirm the judgments below.

Affirmed.